**UNITED STATES of America**

v.

**Kevin WHITE, Appellant**

No. 01–3781.

United States Court of Appeals, Third Circuit.

Argued May 14, 2002.

Filed June 14, 2002.

Thurston T. McKelvin, Federal Public Defender, Patricia Schrader–Cooke, Esquire (Argued), Office of the Public Defender, Charlotte Amalie, St. Thomas.

David L. Atkinson, United States, Nelson L. Jones, Esquire (Argued), U.S. Attorney's Office, Charlotte Amalie, St. Thomas.

Before AMBRO, FUENTES and GARTH, Circuit Judges.

## BENCH OPINION

AMBRO, Circuit Judge.

(The following is the bench opinion of the Court in the above-captioned matter:)

THE HONORABLE JUDGE AMBRO: What I'd like to do is read into the record the Court's decision with regard to this matter.

In this case, the United States, the Government of the Virgin Islands v. Kevin White, Number 01–3781, the appellant was convicted of the following: interference with commerce by robbery, which is Count 1; possession of a shotgun during and in relation to a crime of violence in violation of United States Law, which is Count 3; robbery, which is Count 4; possession of a shotgun during and in relation to a crime of violence in violation of Virgin Islands Law, which is Count 6; and possession of a firearm within a school zone, which is Count 7.

Now, at the close of the Government's case, Mr. White filed a Rule 29 motion for acquittal. It was denied and the trial continued. He later renewed that motion and

it was denied again. He now challenges the sufficiency of the evidence on his convictions. He argues that on Count 6 there was insufficient evidence that he was not licensed to carry a firearm, and that on Counts 1, 3, 4 and 7 insufficient evidence linked him to the crimes.

As we all know, the standard of review for reviewing a guilty verdict is that a court must apply a particularly deferential standard of review. It must review the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating the credibility of witnesses, finding the facts and drawing justifiable inferences. We must accept a jury's verdict if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.

As to Count 6, was there sufficient evidence that Mr. White was not licensed to carry a firearm? Viewing the facts in the light most favorable to the verdict, a reasonable juror could infer that Mr. White was not licensed to carry a gun on December 28, 1999. If nothing else, he apparently admits to not being licensed as of December 18, 1999, and it is unlikely that he became licensed over the next ten days.

We need not overturn the verdict simply because Mr. White's version could be true unless no reasonable fact finder could find otherwise.

We also believe that there was sufficient evidence to support Mr. White's convictions on Counts 1, 3, 4 and 7. Mr. White argues that no evidence links him to the robbery and that the taxi driver did not identify him as the robber. However, the police did chase a green vehicle which the taxi driver understood to contain the suspects he had observed prior to and after the robbery. Mr. White was in that vehicle with a shotgun, ammunition, ski mask, gloves and money. The evidence is enough for a reasonable juror to find Mr. White guilty beyond a reasonable doubt.

We therefore affirm Mr. White's convictions.